Good morning, Your Honors. May it please the Court, Araceli Perez-Briso with Gomez & Associates on behalf of the petitioner, Barbarito Perez-Mejia. Do you want to pull the mic up a little bit so we can hear you? Yes, Your Honor. Is that better? Barbarito Perez-Mejia, the petitioner. I'd like to cover three points, Your Honor. However, I will concentrate most of my time on the first point, which is in this case, the government has failed to carry its heavy burden of establishing removability by clear, convincing, and unequivocal evidence. They have charged that Mr. Perez has been convicted under Health and Safety Code 11351. The only document or evidence they have submitted is a certified docket that shows he was convicted under 11351. But what about the counsel's admission on the record? Yes, Your Honor. We believe that this case can be controlled under this Court's recent decision and S. Young, in addition with the previous Court's decisions of Tocatli and Huerta. In those cases, Your Honor, the government did specifically argue that there should be an exception when you have a statute that is divisible and you have to apply the modified categorical approach to determine what the controlled substance is. Even if the petitioner admits every element of the charge? Yes, Your Honor. In S. Young, I believe that was the main issue there. The petitioner admitted the controlled substance. It was MDMA tablets. And the government's argument was, well, we should make an exception to the rule under what can be considered the modified categorical approach. I think I'm asking the same question as Judge Tachino. Let's say we ignore the docket because we think you're right, that the docket is insufficient. But there was a proceeding where the petitioner said, my lawyer is speaking for me. The lawyer acknowledged that the conviction was for trafficking in a controlled substance. And while I know there are some cases in the First Circuit that say if a lawyer has acknowledged a legal conclusion, that's not binding. But an admission through an agent, as in trials in federal court, an authorized agent, is sufficient to establish the fact that he was convicted of possessing, for sale, cocaine. Why isn't that enough to establish the fact? Your Honor, we see no distinction from an admission from a respondent, an alien, versus an admission from an attorney. Here, the attorney would be admitting to possession of cocaine for sale. It would be the same as if the respondent were to admit, I was convicted of possession of cocaine for sale. Is there any case law that supports that position? There's no case law, Your Honor, that has these exact facts that I can see where there was an attorney that admitted it. However, in S. Young, this Court didn't make a distinction as to who made the admissions, whether it was an attorney versus the alien himself. So as far as I can tell, I don't believe that is a central issue in this case. It's whether you can consider a judicial admission, whether it be from the respondent or the county. But actually, I think there is some Ninth Circuit case law on this. Magellanus Damian, 783 F. 2nd, 931 at 934, holding the petitioner to a tactical decision by his attorney to admit to portability. It says, Petitioners are generally bound by the conduct of their attorneys, including admissions made by them absent egregious circumstances. Rodriguez-Gonzalez, 640 F. 2nd, 1139 at 1141 and 1142 Note 2. Admissions need not be made personally in distinguishing this type of proceeding from a guilty plea. Your Honor, I'm not familiar with the facts of those cases, and I'm not sure whether in that case the question was if they were dealing with a divisible statute and whether the divisible statute, you needed to prove the underlying facts for which the actual respondent pled guilty to. That's the main issue here. And the Court in Esfand did determine that you need to look at, you know, what was the underlying fact under which he admitted to. And that's where you can only look at the record of conviction, which includes only certain judicially recognized documents, not the admissions or testimony through court, whether it be through the respondent or the petitioner. But in this case, his lawyer was asked, do you admit allegations one through four? And he said, yes, Your Honor. And I think it was allegation two was specific. It was possession of a particular controlled substance with intent to sell it. Yes, Your Honor, it was allegation four. Four, excuse me. However, if the respondent had admitted himself that it was two-wit cocaine, it's still an admission, whether it be through the attorney or the respondent, of an underlying fact. And so I believe that this Court has specifically held, again, that if you're dealing with a modified categorical approach, which we do have to deal with here, you cannot look at judicial admissions. It's clear. The only documents that you can consider. What case do you say made that? S. Young, Your Honor, in 2010. What's the spelling, please? S-Y-O-N-G, V. Holder, 600 F. 3rd, 1028. I'm sorry. Please say that once more. Yes, Your Honor. It's S. Young, V. Holder, 600 F. 3rd, 1028, 9th Circuit, 2010. And if I also may ask the Court to consider into Cotley v. Ashcroft, 371 F. 3rd, 613, 9th Circuit, 2004. And in those cases, however, Your Honor, I do acknowledge that it wasn't, the issue was not, as the Court has raised, the difference between an attorney versus the respondent or the alien who would be making the admission. But, however, in those decisions, they didn't carve out an exception. Well, if an attorney makes the admission, it's any different. Your Honor, I'd also just like to point out that in, should the government continue their position that they have waived this where, if there is a pure question of law, or if there has been a change in the circuit law, that you can address the issue of removability, even though they previously conceded removability. Here, Your Honor, I would point out that Ruiz Vidal was specifically decided after the BIA's decision, so after the removal proceedings. So in this case, the Petitioner can go ahead and continue with his argument that he is not removable under the evidence presented by the government. And, Your Honor, similarly, I would argue that the government here would probably argue that Barragan-Lopez is controlling in this case, because there, they, the Court held that if you have an admission or concession, or it was actually a paragraph, an admission or concession, that that takes away from the issue of whether you can waive removability. However, again, specifically in that case, it didn't deal with applying the modified categorical approach. Similarly, in the matter of Pichardo, the government has argued that that should be followed. And in that case, the Board, in a footnote in dicta, said that had the Petitioner admitted and conceded, then the government wouldn't have to produce the documents. However, that case, for one, was premised on regulations that applied only to deportability hearings, so prior to April 1, 1997. And in addition, in that case, it dealt with a statute, a regulation, where it says that the judge can only consider the judicial admissions and concession if there is no remaining issue of law or fact. And in here, there was clearly a remaining issue of law, which is we're dealing with a divisible statute. I can only apply the modified categorical approach, and what documents those may be. Your Honor, I would like to reserve some time for rebuttal. You have it. Yeah. You have a minute and a half. Go ahead. Okay. You can reserve it. Thank you, Your Honor. Thank you. Counsel? May it please the Court. Your Honors, Mr. Perez had the benefit of counsel before the immigration judge and the board. His counsel conceded that he was convicted of possession of cocaine for sale. What do you do with the, what's the name of the case, Sung case? S. Young, Your Honor. S. Young, yes, where it says that and invokes Tocatli to say, none of the government's cases makes any mention of Tocatli or its clear rule that immigration judges are prohibited from relying on an alien's judicial admissions in applying the modified categorical approach? I think, Your Honor, you have to take cases such as S. Young on the one hand. You take Berrigan-Lopez, Shala on the other hand and try and figure out what the difference between those two cases are, those lines of cases, and the difference, as far as I can tell, is that on the one hand, Huerta-Guevara as well, and S. Young, there was no counsel. On the other hand, there was counsel. And I don't know that that's a distinction that should be made because a judicial admission is supposed to. That's not the distinction that counsel made. She argued that the distinction is that the, at least she invoked that in Berrigan, is that they weren't dealing with a modified categorical approach. That's not the distinction that the Berrigan-Lopez court made. The Berrigan-Lopez court simply said that counsel's concession was binding. And here counsel can see. Was it a modified categorical approach? I'm sorry. I can't remember offhand, Your Honor. But here. That's the point, isn't it? She's saying that. I can answer that. Okay. Just a second. So I understand what we're talking about. At least I can understand what I think I'm talking about, which is under the modified categorical approach we have established doctrine about what you can look at. And the admissions that are looked at are what did the defendant admit to, where it's his admissions or what the pleading was to. But you can't go beyond it. You can't look beyond it. And that's what my recollection of the S. Yarn case was talking about. So the distinction between the statements in these other cases, if they did not involve the modified categorical approach issue, that would be a potential meaningful distinction. It seemed to me that what Berrigan-Lopez was concerned about, and Berrigan-Lopez, the court said, that the immigration court relied on a combination of the pro se alien's concession and some unidentified document that the immigration judge was relying on. It seemed that the court was very concerned about the fact that, okay, we don't know exactly what it was that was the basis for the agency's determination because you had this, quote, unidentified document. And the court went on to say, you know, this document could have been a newspaper article. We don't know. Here, instead, we know exactly what was being relied on. The board said we have this certified docket. And at the bottom of the first page of the board's decision it said, and in particular we have the alien's concessions, which in this case were through counsel. And, of course, this court's case law says that a judicial admission takes the issue of fact that is conceded off the table. It's not, we sort of have apples and oranges. This is, I'm really trying to learn Ninth Circuit immigration law. Does the law make a distinction between when an attorney's involved, between an admission of fact and an admission of something that involves a matter of law? For example, if the attorney were to say my client is deportable or this is an aggravated felony, to me that involves a legal conclusion and the petitioner would not be bound by it. If he says my client was convicted of possessing cocaine with intent to sell it, that's a factual matter. That is a binding admission. And then this court at this point would decide the legal implications of it. Is that a, I thought I distilled some of that from Ninth Circuit law, but you apparently do this all the time. Is that a viable distinction? That's the only distinction I can really draw between, as I said, Huerta-Guevara, which is pro se, S. Young, which is pro se, Berrigan-Lopez, on their hand, which has counsel. And I think the point is that a trial court relies on a guilty plea, and this court wouldn't hear the defendant. But the guilty plea in the trial court has to come under the sworn testimony of the defendant himself and not from counsel. That's true, Your Honor. So let's say a civil case where the fact is conceded by counsel that that's not an issue, the court wouldn't hear someone say on appeal, oh, the government didn't approve that issue. Well, of course the government didn't approve that issue in this case because the issue came off the table. Counsel conceded that's not an issue. In fact, he said, if you look at page 71, he said he filed a motion to vacate. No, but you're just assuming, you know, the question, and that's the question I think before us, whether we can accept counsel's stipulation, you know, to, yes, this is a, you know, removable felony under the modified categorical approach. Well, I think if we take Berrigan at its word, it says that we can rely on what counsel said. And I think, you know, even if we accept the S. Young characterization of Berrigan, which I'm not sure we would because if you look at page 905 of the Berrigan decision, it just says we're basing this on what counsel's concession. But S. Young said, okay, in Berrigan you had counsel's concession plus a document. Here we do have the certified docket, which is in the record, and under this court's decision, Strickland, which is cited in our 28J letter, that is confident evidence to verify what counsel said. Counsel conceded this, the substance in question here was cocaine. We have the verified, certified docket, which verifies what counsel said. So there really shouldn't be an issue if we take Berrigan, which hasn't been overruled at its word. It would seem to compel the conclusion in this case that Mr. Perez is, in fact, removable for this controlled substance offense. So I think that really should answer the question if you rely on this court's decision, Strickland, Berrigan, Lopez. And as far as I can tell, the court does seem to draw a distinction when counsel's involved. Although, I would suggest that if we consider what judicial admission is supposed to mean, it shouldn't matter as long as it takes the fact off the table. But there was counsel involved here. Yes. So you don't need to ask us to overrule a Ninth Circuit precedent that says the petitioner's uncounseled admission is not dispositive. That's right, Your Honor. And I'd like to make a point in response to something my colleague had said. She said the law has changed and cited Ruiz-Vidal as saying there's been a change in the law. But if you look at the Ruiz-Vidal decision itself, particularly pages 1076 and 1077, the court said this is not a new requirement that the government prove that the substance involved is a controlled substance. So I would suggest the law hasn't changed. Cocaine has not suddenly stopped being a controlled substance. And the Supreme Court has not suddenly said that people or parties are not bound by their counsel's acts and omissions. So we would suggest and we would ask the court to find that, in fact, Mr. Perez is removable as charged either because he's counsel conceded or because the combination of the concession and the docket shows that he is. Right. And I'd be happy to answer any questions about equitable estoppel if the court has any. We would simply suggest that he has not attempted to show affirmative misconduct, and under Santiago-Munkerji, he can't prevail on that issue. Okay. Thank you. Thank you. Your Honor, I take issue with what the government says that the docket shows what counsel conceded to. The docket shows at best that he was convicted under 11351. It does not identify that he was convicted of cocaine. So we don't have a reliable document and a concession, as Ms. Young said that they had in, I believe it was Paragon Lopez. I was interpreting the docket to be an inartful way of saying the transcript because the charge, there were four charges against your client. One was that he possessed cocaine with intent to sell it. He said in the colloquy that we have the transcript of, my lawyer is speaking for me, and then the question was on behalf of your client, how do you plead to the four allegations and the one charge of removability? The answer was we concede the allegations, Your Honor. The question, I'm sorry, do you admit allegations one through four? The answer was yes. And do you concede removability? Yes. I don't know the concession of removability is binding, but if a lawyer made a mistake of law, your client shouldn't be penalized. But the admission on behalf of his client to the fact that the client possessed cocaine with intent to sell it, why isn't that binding? Your Honor, and again, I believe it's because this Court has found that judicial admissions, and that's the issue in Essiong and in Tocatli, cannot be considered, specifically in. And you're saying that those were pro se cases, right? They were pro se cases. And you're not buying that that's the distinguishing factor? No. Okay. And there is no exception to the modified categorical approach that you can accept judicial admissions by attorneys. And just a point, Your Honor, Judge Wolf, factual matters were the issues that were involved in the cases that were cited. So, for example, in Huerta, they had to prove the domestic nature and whether you can consider a witness's testimony regarding whether a conviction was domestic. Similarly, in Essiong, it was the drug itself, what drug was involved, and it was MDMA. So the cases do involve the factual admissions and whether you can consider. Of pro se parties? No, Your Honor, not necessarily pro se, but that was never the issue or the distinction in these cases that's under modified categorical approach. And if I may briefly, just regarding Estoppo, Your Honor. No, that's in your brief, right? Yes. I would just cite to the government had previously put in their brief that we could not remand this case to the district court. And I would just like to point that there is authority under 28 U.S.C. 2347b-3 to transfer because we do acknowledge that the record is very sparse because the government never said why it, in fact, admitted. Okay. Thank you. Thank you, Your Honor. Thank you. We appreciate the arguments, counsel, and the case is submitted. All right. We'll take Valenzuela v. Holder. And then after this, as I previously had, no, I'm sorry, Pasqua. Two more cases before we take our recess or break.
judges: Wolf, Tashima, Fisher